[627 NYS2d 961]

In the Matter of JOHN R. MILLER, an Attorney, Resignor.

Second Department, May 30, 1995

---

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Forrest Strauss* of counsel), for Grievance Committee for the Ninth Judicial District.

*Richard E. Grayson,* White Plains, for resignor.

## OPINION OF THE COURT

Per Curiam.

John R. Miller has submitted an affidavit dated March 26, 1995, wherein he tenders his resignation as an attorney and

counselor-at-law (22 NYCRR 691.9). Mr. Miller was admitted to the practice of law by the Appellate Division of the Supreme Court in the Second Judicial Department, on January 25, 1978.

Mr. Miller acknowledges that he is currently the subject of a motion by the Grievance Committee for the Ninth Judicial District for his interim suspension from the practice of law based upon the 11 charges of professional misconduct contained in the petition. He is further aware that he is currently the subject of two additional pending investigations by the Grievance Committee. In his affidavit of resignation, Mr. Miller concedes that on at least three occasions, he improperly distributed funds from his firm's IOLA "Attorney Trust" account at the People's Westchester Bank, in which he and/or his partners maintained funds in a fiduciary capacity for third parties. Mr. Miller further acknowledges the Grievance Committee's investigation into allegations that he had neglected the estate of Marie Belmonte whose affairs he had helped manage following the death of Robert Sterling, a deceased partner of Mr. Miller's firm and Ms. Belmonte's former attorney.

Mr. Miller acknowledged his inability to successfully defend himself on the merits against the charges contained in the petition and/or the allegations which are the subjects of the remaining investigations being conducted by the petitioner.

Mr. Miller's proffered resignation expressly indicates his awareness that pursuant to Judiciary Law § 90 (6-a), an order permitting him to resign could require him to make monetary restitution to aggrieved persons or to reimburse the Lawyers' Fund for Client Protection to the extent of unaccounted-for funds which he was holding in a fiduciary capacity for any third parties. Mr. Miller is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him. He specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Miller indicates that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Counsel for the Grievance Committee recommends that the Court accept the resignation. Under the circumstances, the resignation of John R. Miller as a member of the Bar is

accepted and directed to be filed. Accordingly, John R. Miller is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., SULLIVAN, BALLETTA, ROSENBLATT and FLORIO, JJ., concur.

Ordered that the resignation of John R. Miller is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John R. Miller is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that John R. Miller shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, John R. Miller is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.